# Exhibit A

5/21/2018                                                        VT Courts Online

# Current Case Docket Information

Court record: 62781

```
Vermont Superior Court                        Orleans Civil Division

|                                                                    |
|   Docket No.  75-4-18 Oscv      Hill et al vs. Tired Hands Brewing Compa|
|                                                                    |
Case Type:                              Last judge: None
Case Track:    Not set                  Recused:    None
Case Status:   Active-Service Due
Court/Jury: Jury Trial
Next Hearing:
=====================================================================
                              PARTIES
No. Role Litigant Name               Attorney Name        Telephone
---------------------------------------------------------------------
p# 1  plf  Hill, Shaun E.            Lynn, Pietro J.       802-860-1500
p# 2  plf  Peltz, Alex              Lynn, Pietro J.       802-860-1500
p# 3  plf  Ingrassia, Mike          Lynn, Pietro J.       802-860-1500
p# 4  def  Tired Hands Brewing Company
p# 5  def  Broillet, Jean
p# 6  def  Foster, Julie
=====================================================================
                             DISPUTES
DsptCase Name                           Disputants   Dispo Date
---------------------------------------------------------------------
1        Fraud or Non-Disclosure        p#1-3 v p#4
2        Fraud or Non-Disclosure        p#1-3 v p#5
3        Fraud or Non-Disclosure        p#1-3 v p#6
=====================================================================
                  MOTIONS/PETITIONS/REQUESTS FOR RELIEF
No. Type                                Status   Judge    Date
---------------------------------------------------------------------
=====================================================================
04/19/18
          2750896 - partyadd

          Shaun E. Hill, Plaintiff.
          2750900 - partyadd

          Alex Peltz, Plaintiff.
          2750903 - partyadd

          Mike Ingrassia, Plaintiff.
          2750910 - partyadd

          Tired Hands Brewing Company, Defendant.
          2750911 - partyadd

          Jean Broillet, Defendant.
          2750914 - partyadd

          Julie Foster, Defendant.
          2750915 - cvfile - status set to asd

          Fraud or Non-Disclosure case filed by Plaintiff Shaun E. Hill and
          Plaintiff Alex Peltz and Plaintiff Mike Ingrassia against Defendant
          Tired Hands Brewing Company and Defendant Jean Broillet and Defendant
          Julie Foster.
          2750919 - couappr

          Appearance entered by Pietro J. Lynn on behalf of Plaintiff Shaun E.
          Hill and Plaintiff Alex Peltz and Plaintiff Mike Ingrassia.
          2750921 - document

          1 document filed by Attorney Pietro J. Lynn for parties 1-3:
          Complaint and jury demand.
```

*2750928 - jurreq*

Jury trial requested by Plaintiff Shaun E. Hill and Plaintiff Alex
Peltz and Plaintiff Mike Ingrassia.
--------------------------------------------------------------------------
Document Printed  Mon May 21 11:43:13 EDT 2018           doc_id: 62781

## STATE OF VERMONT

**SUPERIOR COURT**                    Civil            **DIVISION**

Orleans            **Unit**                **Docket No.:**

| Plaintiff(s) | VS. | Defendant(s) |
|---|---|---|
| Shaun Hill, Alex Peltz, et al | | Tired Hands Brewing Co, et |

### SUMMONS

THIS SUMMONS IS DIRECTED TO  Tired Hands Brewing Company

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights.

2. **YOU MUST REPLY WITHIN 20\* DAYS TO PROTECT YOUR RIGHTS.** You must give or mail the Plaintiff a **written response** called an Answer within 20\* days of the date on which you received this Summons. You must send a copy of your Answer to the [Plaintiff][Plaintiff's attorney] located
   at:  Lynn, Lynn, Blackman & Manitsky, PC
     76 St. Paul Street, Suite 400, Burlington, VT

   You must also give or mail your Answer to the Court located at:
   Orleans Superior Court
   247 Main Street, Newport, VT 05855

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT GIVE YOUR WRITTEN ANSWER TO THE COURT.** If you do not Answer within 20\* days and file it with the Court, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint.

5. **YOU MUST MAKE ANY CLAIMS AGAINST THE PLAINTIFF IN YOUR REPLY.** Your Answer must state any related legal claims you have against the Plaintiff. Your claims against the Plaintiff are called Counterclaims. If you do not make your Counterclaims in writing in your Answer, you may not be able to bring them up at all. Even if you have insurance and the insurance company will defend you, you must still file any Counterclaims you may have.

6. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you cannot afford a lawyer, you should ask the court clerk for information about places where you can get free legal help. **Even if you cannot get legal help, you must still give the Court a written Answer to protect your rights or you may lose the case.**

**7. NOTICE OF APPEARANCE FORM.  THE COURT NEEDS TO KNOW HOW TO REACH YOU SO THAT YOU WILL BE INFORMED OF ALL MATTERS RELATING TO YOUR CASE.** If you have not hired an attorney and are representing yourself, in addition to filing the required answer it is important that you file the Notice of Appearance form attached to this summons, to give the court your name, mailing address and phone number (and email address, if you have one). You must also mail or deliver a copy of the form to the lawyer or party who sent you this paperwork, so that you will receive copies of anything else they file with the court.

_____     4/25/18
Plaintiff's Attorney/Court Clerk            Dated

Served on     _____     _____
                    Date                      Sheriff

* Use 20 days, except that in the exceptional situations where a different time is allowed by the court in which to answer, the different time should be inserted.

STATE OF VERMONT

SUPERIOR COURT                                    CIVIL DIVISION
ORLEANS UNIT                                      DOCKET NO.

SHAUN HILL, ALEX PELTZ,
and MIKE INGRASSIA,
            Plaintiffs,

        v.

TIRED HANDS BREWING COMPANY,
JEAN BROILLET, and JULIE FOSTER,
            Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COME the Plaintiffs, Shaun Hill, Alex Peltz, and Mike Ingrassia, by and through

their attorneys, Lynn, Lynn, Blackman & Manitsky, P.C., and complain as follows:

### Parties

1.      Plaintiff Shaun Hill is a resident of Greensboro, Vermont.

2.      Plaintiff Alex Peltz is a resident of Pennsylvania.

3.      Plaintiff Mike Ingrassia is a resident of Pennsylvania.

4.      Defendant Tired Hands Brewing Company ("the Company") is a Pennsylvania

limited liability company with its principal place of business in Ardmore, Pennsylvania.

5.      Upon information and belief, Defendant Jean Broillet is a resident of the

Commonwealth of Pennsylvania.  He is a manager of the Company.

6.      Upon information and belief, Defendant Julie Foster is a resident of the

Commonwealth of Pennsylvania.  She is a manager of the Company.  She is also General

Counsel at the Company.

## Facts

7.    In 2011, Defendants solicited investment money from each Plaintiff individually as part of a larger capital raising effort by the Company.  Defendants solicited a $5,000 investment from each Plaintiff in return for a 0.5% equity interest in the Company.

8.    In connection with their effort to solicit investment funds from Plaintiffs, Defendants provided Plaintiffs with a copy of the Company's Business Plan.  The Business Plan states: "Ownership of a Member Share entitles the owner to a portion of the profits and losses. Percentage share of profits will be paid out each year of profitability, and investors are able to write off any losses as a tax deduction, up to the total value of the investment."

9.    The Business Plan provides that after five years of investment, owners will have the opportunity to sell back shares at a 50% increase on initial investment at the option of Tired Hands.

10.   In the process of soliciting investment funds, Defendants failed to disclose that Plaintiffs had personal liability for taxes on allocated profits from the Company or that its Operating Agreement did not include a customary provision regarding mandatory distributions to cover estimated tax liability.  Defendants failed to highlight the redemption provisions included in its Operating Agreement.  Defendants failed to disclose that an investor's return would be limited to half of their original investment (regardless of the future success or profitability of the business).  Each of these was a material misstatement or omission.  Plaintiffs relied on Defendants' misstatements and omissions.

11.   Plaintiffs each invested $5,000 in return for a 0.5% equity interest in the Company.

2

12.     Upon information and belief, the offer and sale of the Company's securities were not registered or noticed with the Commonwealth of Pennsylvania or the State of Vermont.

13.     At all relevant times during Defendants' offer and sale of the Company's securities to Plaintiff Shaun Hill, Plaintiff Hill resided and worked in Greensboro, Vermont.

14.     The Company has been financially successful. It exceeded its projections, and has been in the position to distribute profits to its equity holders for the past six years. The Company has failed to make regular and reasonable distributions of profits.

15.     In 2017, Defendants informed Plaintiffs that they had to accept a buyout offer. Defendants demanded that Plaintiffs sell their 0.5% equity interest in the Company for $7,500. This price is far below fair market value.

### Count I: Federal Securities Law Fraud
### (Against All Defendants)

16.     Paragraphs 1 through 15 are incorporated as if fully set forth herein.

17.     By issuing securities, the Company is subject to the anti-fraud provisions contained in the federal Securities Act of 1933.

18.     Defendants, individually and collectively, by engaging in the conduct described above, engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices, and courses of business which operated as a fraud or deceit upon Plaintiffs; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes, and artifices to defraud in connection with the offer and sale of securities.

19.     Defendants acted with scienter by engaging in the conduct described above.

3

20.     Defendants' conduct violated Section 17(a) of the Securities Act, 15 U.S.C. § 77q.

21.     Plaintiffs have been damaged by Defendants' violation of securities law.

### Count II: Unjust Enrichment
### (Against All Defendants)

22.     Paragraphs 1 through 21 are incorporated by reference as if fully set forth herein.

23.     Defendants, individually and collectively, took Plaintiffs investments and then failed to make reasonable and regular distribution of profits to Plaintiffs, instead withholding the Company's profits.

24.     Defendants, individually and collectively, are demanding that Plaintiffs sell their equity in the Company at an amount well below the current fair market value of their interests.

25.     As a result of the conduct described above, Defendants have been unjustly enriched at the expense of Plaintiffs.  It would be inequitable and unjust for Defendants to continue to retain that benefit.

### Count III: Breach of Pennsylvania LLC Statute, 15 Pa. C.S.A. § 8849.2
### (Against Jean Broillet and Julie Foster)

26.     Paragraphs 1 through 25 are incorporated by reference as if fully set forth herein.

27.     As managers of a manager-managed Pennsylvania limited liability company, Defendants Jean Broillet and Julie Foster owe members of the Company a duty of loyalty and a duty of care under Pennsylvania law.  Defendants Jean Broillet and Julie Foster must discharge those duties consistently with the contractual obligation of good faith and fair dealing.

28.     In addition to being a manager of the Company, Defendant Julie Foster is an attorney.

4

29.     Defendant Julie Foster's failure to comply with applicable securities laws constitutes gross negligence, recklessness, willful misconduct, or knowing violation of law.  This is a violation of her duty of care.

30.     Defendants Jean Broillet and Julie Foster are the majority equity holders in the Company.  Their demand that Plaintiffs sell them their equity in the Company for a price significantly below the fair market value is a violation of their duty of good faith and fair dealing.

31.     Defendants Jean Broillet and Julie Foster, by demanding that Plaintiffs sell them their equity in the Company for a price significantly below the fair market value and by failing to make regular and reasonable distributions of profits, have put their own interest as members before the interests of all of the Company's members, including Plaintiffs.  This is a violation of their duty of loyalty.

32.     As a result of the conduct described above, Defendants have violated 15 Pa. C.S.A. § 8849.2.  Plaintiffs have been damaged by Defendants' conduct.

### Count IV: Breach of Fiduciary Duties
### (Against Jean Broillet and Julie Foster)

33.     Paragraphs 1 through 32 are incorporated by reference as if fully set forth herein.

34.     As managers of the Company, Defendants Jean Broillet and Julie Foster are in a fiduciary relationship with Plaintiffs and owe them, as well as the Company, a duty of highest good faith; fair dealing; loyalty; and full, candid, and adequate disclosure; as well as a duty to maximize Plaintiffs' profits.

35.     Defendants Jean Broillet and Julie Foster breached their fiduciary duty of care by, among other things, failing to comply with securities law, failing to make regular and reasonable

5

distributions of profits, and demanding that Plaintiffs sell their equity in the Company for a price significantly below fair market value.

36.     Plaintiffs have been damaged by Defendants' violation of their fiduciary duties.

### Count V: Violation of Pennsylvania Securities Act

37.     Paragraphs 1 through 36 are incorporated by reference as if fully set forth herein.

38.     As a Pennsylvania company raising funds from its office in Pennsylvania, the Company is subject to the Pennsylvania Securities Act of 1972.

39.     Section 201 of the Pennsylvania Securities Act prohibits the offer or sale of any security unless the security is registered under the Act.

40.     Section 401 of the of the Pennsylvania Securities Act makes it unlawful for any person, in connection with the offer or sale of any security, directly or indirectly, to employ any device, scheme or artifice to defraud; to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made in light of the circumstances under which they are made, not misleading; or to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

41.     Defendants, individually and collectively, by engaging in the conduct described above, violated the Pennsylvania Securities Act.

42.     Plaintiffs have been damaged by Defendants' violation of the Pennsylvania Securities Act.

### Count VI: Violation of Vermont Securities Act

43.     Paragraphs 1 through 42 are incorporated by reference as if fully set forth herein.

44.     As a company offering or selling securities in the State of Vermont, the Company is subject to the Vermont Uniform Securities Act of 2002.

6

45.    9 V.S.A. § 5301 prohibits the offer or sale of any security in the State of Vermont unless the security is registered under the Act.

46.    9 V.S.A. § 5301 makes it unlawful for any person, in connection with the offer or sale of a security, directly or indirectly, to employ a service, scheme, or artifice to defraud; to make an untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or to engage in an act, practice, or course of business that operates or would operate as a fraud or deceit upon another person.

47.    Defendants, individually and collectively, by engaging in the conduct described above, violated the Vermont Uniform Securities Act.

48.    Plaintiffs have been harmed by Defendants' violation of the Vermont Uniform Securities Act.

### Prayer for Relief

Wherefore, Plaintiffs seek the following relief:

1. Compensatory damages;

2. Punitive damages;

3. Declaratory judgment that the repurchase rights in the Company's Operating Agreement are void;

4. Attorney's fees and costs;

5. Prejudgment interest; and

6. All other relief the Court deems just and equitable.

### Jury Demand

Plaintiffs demand trial by jury.

7

DATED at Burlington, Vermont, this __17th__ day of April, 2018.

By: _____

Pietro J. Lynn, Esq.
Lynn, Lynn, Blackman & Manitsky, P.C.
*Attorneys for Plaintiffs*
76 St. Paul Street, Suite 400
Burlington, VT  05401
Ph. 802-860-1500
plynn@lynnlawvt.com

8